UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

SANFUL KHANOM, SHAFIQUE ULLAH,
RAMON HUSSAIN, JOMIR HUSSAIN and
MILAD HUSSAIN

                Plaintiffs,

                v.

JOHN KERRY, *US Secretary of State,*
CONSUL GENERAL OF THE UNITED STATES
At DHAKA, BANGLADESH, JANET
NAPOLITANO, *Secretary, US Department of
Homeland Security* and USCIS CENTER
DIRECTOR, VERMONT SERVICE CENTER,

                Defendants.

**MEMORANDUM & ORDER**
13-CV-4280 (MKB)

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs commenced this action on or about July 30, 2013 against Defendants John Kerry, the Consul General of the United States at Dhaka, Bangladesh, Janet Napolitano and the United States Citizenship and Immigration Services (USCIS) Center Director, Vermont Service Center. Plaintiffs seek (1) a mandamus order compelling Defendants to act on a Petition for Alien Relative Form I-130 and to act on and issue immigrant visas to Plaintiffs Shafique Ullah, Ramon Hussain, Jomir Hussain and Milad Hussain, pursuant to, *inter alia*, the Mandamus and Venue Act, 28 U.S.C. § 1361, and (2) a judicial declaration that the order denying the visas for permanent residency as relatives of Plaintiff Sanful Khanom was without basis in fact or law and contrary to and inconsistent with applicable statutes and regulations, pursuant to 28 U.S.C. § 2201. (Compl. ¶¶ 10–11.) Plaintiffs also seek attorneys' fees and costs pursuant to 28 U.S.C. § 2412. (*Id.* ¶ 12.) Defendants moved to dismiss the action as moot and for lack of subject

matter jurisdiction. (Docket Entry No. 6, Defendants' Letter Motion to Dismiss as Moot ("Def. Letter Dismiss"); Docket Entry No. 12, Def. Letter dated May 5, 2014.) As discussed below, because the Court lacks subject matter jurisdiction, the Court grants Defendants' motion to dismiss the Amended Complaint.

I. Background

    a. **Factual Background**

Khanom is a "lawfully admitted resident alien" of the United States who filed immigrant visa applications and an accompanying Petition for Alien Relative Forms I-130 (the "Petition") for admission of her husband, Shafique Ullah, and three children ("the Beneficiaries"), all of whom are citizens of Bangladesh.[1] (Compl. ¶ 1.) The Petition was approved by USCIS and forwarded to the United States consulate in Dhaka, Bangladesh, for processing of the immigrant visa applications. (*Id*. ¶ 2.) A consular official determined that the Beneficiaries were inadmissible under the Immigration and Nationality Act provision barring the admission of any alien who "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to

---

[1] Pursuant to the Immigration and Nationality Act, USCIS reviews petitions for alien relative status and, if it "determines that the facts stated in the petition are true and that the alien [o]n behalf of whom the petition is made is" eligible for admission as an immediate relative of a citizen or permanent resident, "approve[s] the petition and forward[s] one copy thereof to the Department of State." 8 U.S.C. § 1154(b). The Department of State, through its consular officers, may then issue the immigrant visa to the applicant. 8 U.S.C. § 1201(a)(1). Although the Immigration and Nationality Act authorizes the Attorney General, as the director of the Department of Immigration and Naturalization Services ("INS"), to review the alien relative petitions, subsequent to the dissolution of INS in 2003, this function is now performed by the USCIS, an agency of the United States Department of Homeland Security. *See* United States Citizenship and Immigration Services, Our History, http://www.uscis.gov/about-us/our-history (last visited July 1, 2014); *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 465 (S.D.N.Y. 2008) ("As of March 1, 2003, the INS ceased to exist as an independent agency within the United States Department of Justice, and its functions respecting the adjudication of applications for immigration benefits were assumed by the Bureau of Citizenship and Immigration Services in the United States Department of Homeland Security." (quoting *Dong v. Ridge*, No. 02-CV-7178, 2005 WL 1994090, at *1 n.2 (S.D.N.Y. Aug. 18, 2005))).

enter or to try to enter the United States in violation of law," 8 U.S.C. § 1182(a)(6)(E)(i), as well as the provision barring "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States," § 1182(a)(6)(C)(i). (Compl. ¶ 6.) From the documents submitted by the parties in connection with Defendants' application to dismiss this action, it appears that the consulate in Bangladesh returned the Petition to USCIS for review, and on September 25, 2013, USCIS notified Khanom of its intent to revoke the Petition. (Def. Letter Dismiss 3.) As discussed below, Khanom submitted an evidentiary package on October 28, 2013, responding to the notification, and on January 27, 2014, USCIS reaffirmed its previous decision granting the Petition, and returned the application to the United States consulate in Dhaka for review. (Docket Entry No. 7, Pl. Letter dated Dec. 24, 2013, 1; Docket Entry No. 9, Def. Letter dated Jan. 29, 2014, 1–3.)

      **b. Procedural Background**

In their letter motion to dismiss this action as moot, Defendants contend that in September 2013, USCIS had issued to Khanom a notice of intent to revoke ("NOIR") the Petition, upon which the application for the immigrant visas were based, and that Khanom had failed to timely respond to the NOIR. (Def. Letter Dismiss 1.) On December 2, 2013, citing Khanom's failure to respond, USCIS revoked the prior approval of the Petition, which revocation could have been appealed by Khanom to the Board of Immigration Appeals. (USCIS Letter dated Dec. 2, 2013, annexed to Def. Letter Dismiss, 1.) Defendants contend that the revocation of the approval of the Petition renders this action moot. (Def. Letter Dismiss 2.) Defendants alternatively argue that the action should be dismissed for lack of venue as "Khanom

3

— the only plaintiff who resides in the United States — is a resident of the Bronx, which is in the Southern District of New York." (*Id.* at 1 n.1.)

On December 24, 2013, Plaintiffs submitted a letter stating that an evidentiary package responding to the NOIR had been delivered to the USCIS Vermont Service Center on October 26, 2013.[2] (DockPl. Letter dated Dec. 24, 2013, 1.) In response to Defendants' claim that the case was not filed in the proper venue, Plaintiffs claim that the action was filed in this district "based on the Defendant's residence, as the Department of Homeland Security maintains offices within the district." (*Id.*)

On January 29, 2014, Defendants filed a "supplemental motion to dismiss," asserting that in response to Plaintiffs' December 24, 2013 letter, USCIS investigated and determined that Khanom had timely filed a response to the notice of intent to revoke the Petition and as a result, reopened the matter. (Def. Letter dated January 29, 2014, 1.) According to Defendants, on January 27, 2014, the USCIS approved the Petition, (*id.*), and they attached a copy of a form I-797C "Notice of Action," issued to Khanom, (*id.* at 3).

On May 2, 2014, Plaintiffs submitted a letter stating that USCIS's reaffirmation of its prior approval of the Petition did not render Plaintiffs' action moot as to the Consul General or the Secretary of State, since they have not yet approved the immigrant visa applications. (Docket Entry No. 11, Pl. Letter submitted May 2, 2014, 1.)[3] Plaintiffs assert that the action "is not rendered moot unless and until the plaintiffs are granted visa[s]" by the Consul General in

---

[2] Plaintiffs filed an Amended Complaint on December 24, 2012, adding a count alleging that USCIS revoked the Petition without proper notice. (*See* Docket Entry No. 7, Ex. 2 ("Amended Compl.") ¶¶ 61–62.)

[3] Although this letter was filed with the Court on May 2, 2014, it is incorrectly dated December 24, 2013. (*See* Docket Entry No. 11.)

4

Bangladesh. (*Id.*) Defendants assert that Plaintiffs' claims for relief in the form of an order directing the Consul General in Bangladesh to issue the visa is barred by the doctrine of consular nonreviewability, and that the Court lacks subject matter jurisdiction to review the conduct of a consular official with respect to a visa application or to review the denial of a visa application. (Def. Letter dated May 5, 2014, 1 (citing *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181–82 (2d Cir. 1978)).)

## II. Discussion

### a. Standard of Review

#### i. Rule 12(b)(1)

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Shabaj v. Holder*, 704 F.3d 234, 237 (2d Cir. 2013) (alteration in original) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (alteration in original) (citations omitted), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Morrison*, 547 F.3d at 170.

#### ii. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "must take all of the factual allegations in the complaint as true." *Pension

*Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)); *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678); *see also Pension Ben. Guar. Corp.*, 712 F.3d at 717–18. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Pension Ben. Guar. Corp.*, 712 F.3d at 718 (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

  **b. The Court lacks subject matter jurisdiction**

  To the extent Plaintiffs seek a mandamus order compelling the Consul General, the Secretary of State, or the Secretary of the Department of Homeland Security to approve the immigrant visa applications and issue the immigrant visas, and a declaratory judgment that the Consul General's previous denial of the visas was "without basis in fact or law," the Court lacks subject matter jurisdiction to grant such relief. The Second Circuit has held that "no jurisdictional basis exists for review of the action of the American Consul in [a foreign country]

6

suspending or denying the issuance of immigration visas."[4] *Hsieh*, 569 F.2d at 1181; *see also Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009) (acknowledging the "doctrine of consular nonreviewability, the principle that a consular officer's decision to deny a visa is immune from judicial review," but holding that the district court nonetheless had subject matter jurisdiction to address whether the denial of a visa to a foreign scholar violated the First Amendment rights of American citizens to hear the scholar's views); *Zhang v. U.S. Citizenship & Immigration Serv.*, No. 05-CV-4086, 2005 WL 3046440, at *7 (S.D.N.Y. Nov. 8, 2005) (finding no basis to "overcome the jurisdictional bar to review of consular decisions denying visas by relying on the Declaratory Judgment Act, the Administrative Procedure Act, or by seeking mandamus to require the consulate to decide his . . . visa petitions"). This doctrine of consular non-reviewability reflects the plenary power of Congress "to prescribe the terms and conditions upon which [aliens] may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention." *Hsieh*, 569 F.2d at 1181 (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972)).

In light of the actions by USCIS affirming its previous approval of the Petition, the relief sought by Plaintiffs from USCIS, including a mandamus order compelling it to "issue an intent to revoke and give a chance to rebut the evidence," with respect to the Petitions, (Compl. at 16),

---

[4] The Second Circuit has since expressed doubt about whether the doctrine of consular nonreviewability is best understood as a question of subject matter jurisdiction, rather than withdrawal of federal jurisdiction under certain circumstances, or "prudential considerations, perhaps arising from separation of powers concerns." *See Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009). Nevertheless, "the doctrine's validity has been consistently recognized. It precludes judicial review not only under the Immigration and Nationality Act, but also under other jurisdictional statutes, such as the Administrative Procedure Act, and the Declaratory Judgments Act." *Gogilashvili v. Holder*, No. 11-CV-01502, 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012).

is moot.[5]  Plaintiffs concede as much.  (Pl. Letter submitted May 2, 2014 ("[P]laintiffs have made allegations against the [C]onsul [G]eneral and [S]ecretary of [S]tate, not USCIS.").)  In the Complaint Plaintiffs seek a mandamus order compelling the remaining Defendants to issue the immigrant visas, (Compl. at 16; Pl. Letter submitted May 2, 2014), and a declaratory judgment "declaring that the order [denying] the immigrant visa to Beneficiaries . . . was without basis in fact or law and contrary to and inconsistent with applicable Immigration and Nationality Act, statutes, regulations and operating instructions . . . ."  (Compl. at 17–18.)

Plaintiffs list several statutory bases for the Court's alleged subject matter jurisdiction, including 28 U.S.C. § 1331 providing for federal question jurisdiction, 28 U.S.C. § 1346(a), providing for jurisdiction where the United States is a defendant, 28 U.S.C. § 1361, providing original jurisdiction over mandamus actions, and 28 U.S.C. § 2201, the Declaratory Judgment Act.  (Compl. ¶ 13.)  None of these statutes provides the Court with subject matter jurisdiction.

### i. The Court lacks jurisdiction under 28 U.S.C. § 1331

Plaintiffs argue that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, because the action "arises under the Constitution and the laws of the United States," citing the Fifth Amendment and several federal statutes, including the the Administrative Procedures Act, 28 U.S.C. § 1361, and the Immigration and Nationality Act, 5 U.S.C. § 555 *et seq.* and 8 U.S.C. § 1329.  (Compl. ¶ 13).  Contrary to Plaintiffs' contention, the Administrative Procedures Act, 5 U.S.C. § 551 *et. seq.*, does not provide for the reviewability of the Consul General actions as the APA expressly excludes review of "agency action [that] is committed to agency discretion by

---

[5] The count added in the Amended Complaint filed on December 24, 2014, alleging that the USCIS "illegally revoked" the Petition despite receiving the requested evidence, (Am. Compl. ¶¶ 61–62), is also rendered moot by the subsequent reaffirmance of the Petition by USCIS.

8

law."[6] 5 U.S.C. § 701(a)(2); *see Lunney v. United States*, 319 F.3d 550, 558 (2d Cir. 2003) ("[U]nder § 701(a)(2)[,] agency action is not subject to judicial review 'to the extent that' such action 'is committed to agency discretion by law.'"). Accordingly, the APA does not provide an independent right to seek judicial review of the discretionary decision by the Consul General determining whether to grant or deny a visa application. *See Yu Chu Hom v. Goldbeck*, No. 08-CV-3159, 2010 WL 2265054, at *4 (E.D.N.Y. May 28, 2010) ("Courts have repeatedly found that the APA does not provide an end-run around the consular non-reviewability doctrine." (citing cases)); *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 464 (S.D.N.Y. 2008) ("USCIS's decision to deny derivative asylum status to [the plaintiff's] children is exempt from review under the APA because it is discretionary."); *Castillo v. Rice*, 581 F. Supp. 2d 468, 475–76 (S.D.N.Y. 2008) ("[T]he doctrine of consular non-reviewability . . . precludes any review under the APA of the Consulate's discretionary practice[s regarding] visa applicants."). Nor does the APA provide an independent source of subject matter jurisdiction. *Hsieh*, 569 F.2d at 1181; *see Califano v. Sanders*, 430 U.S. 99, 107 (1977) ("[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."); *Lunney*, 319 F.3d at 557 ("The APA is not an independent grant of subject matter jurisdiction.").

The provision of the Immigration and Nationality Act cited by Plaintiffs, 8 U.S.C. § 1329, provides that "[t]he district courts of the United States shall have jurisdiction of all causes . . . *brought by the United States* that arise under the provisions of this subchapter," and also provides that "[n]othing in this section shall be construed as providing jurisdiction for suits

---

[6] The Administrative Procedures Act is codified in several sections of chapter 5 of the United States Code. Sections 551–59 contain the substantive law of the APA, while sections 701–706 provide guidelines for judicial review of agency action. *See* 5 U.S.C. §§ 551–59, 701–06.

against the United States or its agencies or officers." 8 U.S.C. § 1329 (emphasis added); *see Farag v. U.S. Citizenship & Immigration Servs.*, 531 F. Supp. 2d 602, 606 (S.D.N.Y. 2008) ("[T]his section 'clearly applies only to actions brought by the United States.'" (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 477 (1999))); *see also Rivera de Gomez v. Kissinger*, 534 F.2d 518, 519 (2d Cir. 1976) (affirming district court determination that it lacked subject matter jurisdiction to issue "an order enjoining the defendant Consul from denying [plaintiff's] application for an immigrant visa" and holding that 8 U.S.C. § 1329 does not "authorize[] the sort of judicial interference in the visa-issuing process sought by plaintiff").

Finally, this case does not "arise under" the Declaratory Judgment Act, 28 U.S.C. § 2201, because this statute provides a specific remedy for plaintiffs who are alleging a claim based on a substantive source of rights, but does not itself confer any substantive rights. *See Springfield Hosp. v. Hofmann*, 488 F. App'x 534, 535 (2d Cir. 2012) (holding that the plaintiff "cannot maintain an action for a declaratory judgment without an underlying federal cause of action." (citing *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir.1993)); *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d at 731 (2d Cir. 1993) (noting that Declaratory Judgment Act does not "provide an independent cause of action," and that its "operation is procedural only — to provide a form of relief previously unavailable." (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937))); *Crewe v. Rich Dad Educ., LLC*, 884 F. Supp. 2d 60, 80 (S.D.N.Y. 2012) (noting that "the Declaratory Judgment Act is not a source of federal substantive rights" (citing *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d at 731 (2d Cir. 1993))).

In sum, because there is no federal right upon which to predicate the Court's federal question jurisdiction,[7] the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Hossain v. Rice*, No. 07-CV-2857, 2008 WL 3852157, at *3 (E.D.N.Y. Aug. 16, 2008) ("Although plaintiff advances a laundry list of statutory bases for this court to exercise jurisdiction over the instant case, none allow the court to review the Consular Section's decision to deny plaintiff a visa.").

### ii. The Court lacks jurisdiction under 28 U.S.C. § 1346(a)

Section 1346(a)(2),[8] also known as the Little Tucker Act, is not a freestanding source of jurisdiction for any and all claims alleged against the United States, but rather is "simply [a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law."[9] *United States v. Bormes*, 566 U.S. ---, 133 S. Ct. 12, 17 (2012). This provision, in relevant part, waives sovereign immunity from suits against the United States for monetary damages less than $10,000 that are based on federal law, contract, or non-tort claims.

---

[7] Plaintiffs also cite the Fifth Amendment of the United States Constitution as the basis for federal question jurisdiction, (Compl. ¶ 13), but only assert that Defendants' actions "depriv[ed] Plaintiffs of their Federal Constitutional Rights under the United States Constitution to protect the basic rights of the citizen." (Compl. ¶ 55.) Although section 1331, as a general matter, provides federal question jurisdiction over claims arising under the Fifth Amendment, here, Plaintiffs' conclusory allegation that Defendants actions violated the Fifth Amendment is insufficient to state a claim upon which relief may be granted pursuant to either the Due Process Clause or the Equal Protection Clause of the Fifth Amendment.

[8] Although Plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1346(a) generally and not § 1346(a)(2) specifically, the only other provision in this subsection, § 1346(a)(1), provides for the "recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected," and is not relevant to Plaintiffs' claim.

[9] Section 1346(a)(2) provides in relevant part: "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department . . . ." 28 U.S.C. § 1346(a)(2).

*See* 28 U.S.C. § 1346(a)(2) ("district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort"); *Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004) ("the Little Tucker Act confers concurrent jurisdiction upon district courts when the amount of the damage claim is $10,000 or less"). The Tucker Act "has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States." *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998) (quoting *Richardson v. Morris,* 409 U.S. 464, 465 (1973)); *see New York v. U.S. Dep't of Health & Human Servs.*, No. 07-CV-8621, 2008 WL 5211000, at *16 n.7 (S.D.N.Y. Dec. 15, 2008) (finding that Section 1346(a)(2) did not provide jurisdiction to hear Plaintiff's claim for declaratory and injunctive relief (citing *Richardson*, 409 U.S. at 465)). Because Plaintiffs seek equitable relief and, as discussed *supra* in Part II.b.i, there are no other sources of law on which Plaintiffs can premise their claim for relief, Plaintiffs cannot establish jurisdiction under 28 U.S.C. § 1346(a).

### iii. The Court lacks jurisdiction under 28 U.S.C. § 1361

The Mandamus and Venue Act cited by Plaintiffs does not create jurisdiction for the Court to compel the issuance of a visa. "To establish jurisdiction under 28 U.S.C. § 1361, respondents must show '(1) a clear right . . . to the relief sought; (2) a plainly defined and peremptory duty on the part of [defendants] to do the act in question; and (3) [that there is] no other adequate remedy available.'" *Paulsen ex rel. N.L.R.B. v. All Am. Sch. Bus Corp.*, --- F. Supp. 2d ---, ---, 2013 WL 6058025, at *3 (E.D.N.Y. Nov. 14, 2013) (alteration in *Paulsen*) (quoting *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)).

12

Here, Plaintiffs have not demonstrated that they have a "clear right" to an order compelling the issuance of a visa, nor that there is a "plainly defined and peremptory duty" on the part of Defendants to grant the visa, because the decision to issue or deny a visa is firmly rooted in the discretion of the Consul General. *See Morales v. Goldbeck*, No. 12-CV-2350, 2013 WL 937825, at *3 (E.D.N.Y. Mar. 11, 2013) ("Congress has vested the United States consulate officers with the exclusive power to issue or deny visas . . . . As such, district courts have no jurisdiction to review a consular official's decision to deny a visa to a foreign national."); *Rahman v. McElroy*, 884 F. Supp. 782, 785 (S.D.N.Y. 1995) ("Indeed, a consular officer's decision to deny a visa to a particular alien . . . is beyond judicial review."); *Al Makaaseb Gen. Trading Co., Inc.v. Christopher*, No. 94-CV-1179, 1995 WL 110117, at *2 (S.D.N.Y. Mar. 13, 1995) ("The reach of the doctrine of nonreviewability is broad. It precludes review of denials of visa applications even where, as here, the decision is alleged to have been contrary to law."); *Shen v. U.S. Consulate Gen. at Shanghai, China*, 866 F. Supp. 779, 780 (S.D.N.Y. 1994) ("[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." (collecting cases)).[10]

---

[10] To the extent that a plaintiff seeks an order compelling a Consul General to *expedite* their immigrant visa application or otherwise act on the application in the face of a complete failure to adjudicate the application, the failure to take any action on a visa petition falls outside the doctrine of consular non-reviewability, which encompasses only "a consular officer's decision to deny a visa." *See Napolitano*, 573 F.3d at 123 (describing the doctrine as "the principle that a consular officer's decision to deny a visa is immune from judicial review"). Because a consular official's duty to "either issue or refuse" a visa application is nondiscretionary, courts have found jurisdiction over claims challenging an official failure to act on a petition. *See* 22 C.F.R. § 42.81 ("When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, the consular officer must either issue or refuse the visa under . . . applicable law."); *see also Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 421 (S.D.N.Y. 2006) (finding that the "failure to issue or refuse a visa within a reasonable period of time triggers mandamus jurisdiction in federal court"); *Patel v. Reno*, 134 F.3d 929, 931–32 (9th

13

### iv. The Court lacks jurisdiction under 28 U.S.C. § 2201

Plaintiffs' assertion that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act is incorrect, as "[t]he Declaratory Judgment Act . . . is remedial, not jurisdictional." *Hsieh*, 569 F.2d at 1181; *see* 28 U.S.C.§ 2201(a) ("In a case of actual controversy *within its jurisdiction*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party" (emphasis added)); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011) ("The Declaratory Judgment Act does not expand the subject matter jurisdiction of the federal courts."), *aff'd*, 568 U.S. ---, 133 S. Ct. 721 (2013).

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

SO ORDERED:

      s/MKB
MARGO K. BRODIE
United States District Judge

Dated: July 15, 2014
      Brooklyn, New York

---

Cir. 1997) ("Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review. However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists."); *cf. Salem v. Holder*, No. 10-CV-6588, 2012 WL 2027097, at *3 (W.D.N.Y. June 5, 2012) (finding that the court had subject matter jurisdiction under the Mandamus and Venue Act where consular office had a "nondiscretionary, ministerial duty to reconsider the denial of a visa application" and had failed to do so within a reasonable time). Here, the Petition was reaffirmed in January 2014 and therefore there is no basis for a finding that the Consul General has entirely failed to act or unduly delayed acting on the applications in light of this recent reaffirmance.